UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRIS MONTENEZ,

                            Plaintiff,

    -v.-
                                                      9: 03-CV-1501
                                                      (FJS)(DRH)

M. AMBROSE, Correctional Officer; LUCIONO,
Correctional Officer; and WHITMORE, Sergeant,

                            Defendant.

---

APPEARANCES:                           OF COUNSEL:

CHRIS MONTANEZ, 01-R-6017
Plaintiff, *Pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ELIOT SPITZER                   GERALD J. ROCK, Esq.
Office of Attorney General           Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

DAVID R. HOMER, MAGISTRATE JUDGE

                                     **ORDER**

      Presently before the Court is a motion by plaintiff Chris Montanez ("plaintiff") to compel discovery. Docket no. 23. Defendants have filed a response opposing the motion. Docket no. 25. Plaintiff has also requested an extension of the pre-trial deadlines so that he can complete discovery. Dkt. No. 34.

**I.     Motion to compel**

      Plaintiff's motion relates to two sets of discovery requests. On or about August 15, 2004, plaintiff served upon defendants his first request for production of documents. Docket No. 25, Declaration ("Decl.") at Ex. A. On or about October 18, 2004, defendants

responded to the first request for production. *Id*. By letter dated October 23, 2004, plaintiff asked the defendants to consider changing their responses to requests 3, 5, 10, 11, 21, and 22 of the first request for production. *Id.*, Ex. B. In response, by letter dated November 8, 2004 defendants advised plaintiff that they would be supplementing their responses to requests 3 and 5, but as to requests 10, 11, 21, and 22, they "persist in their objections previously stated." *Id.*, Exhibit C. On or about January 10, 2005, defendants provided plaintiff with supplemental responses to the first request for production. *Id.*, Ex. D. On or about November 14, 2004, plaintiff served upon defendants his second request for production of documents. *Id.*, Ex. E. On or about January 10, 2005, defendants responded to the second request for production. *Id*.

Rule 7.1(d) of the Local Rules of the Northern District of New York requires that a party make good faith efforts to resolve any discovery dispute prior to filing any motion to compel discovery. The Pretrial Order that the Court previously issued in this action specifically advised the plaintiff of this Rule, and cautioned plaintiff that any motion to compel filed in this action that was not accompanied by documentation that substantiated his efforts to resolve any discovery disputes prior to the filing of such motion would be denied. *See* docket no. 11.

Plaintiff's motion to compel relates **only to** requests 13 and 15 of his first request for production and requests 1 and 2 of his second request for production.[1] Dkt. No. 23 at 8. With respect to the first request for production, it appears that plaintiff has made good

---

[1] Request 13 of his first request is identical to request 2 of his second request. Both seek production of DOCS Directive # 4943. *Compare* Dkt. No. 25, Decl., Ex. A at ¶ 13 *with id.*, Ex. E at ¶ 2.

faith efforts to resolve discovery disputes prior to filing this motion **only with respect to requests 3, 5, 10, 11, 21, and 22**. *See* Dkt. No. 23, Decl. at Ex. B. It does not appear that plaintiff made **any** good faith efforts to resolve discovery disputes with respect to the second request for production prior to filing this motion. The Court could deny plaintiff's motion for his failure to make good faith efforts to resolve discovery disputes. *See* Local Rule 7.1(d)(1). However, in light of plaintiff's *pro se* status and his attempt to make some good faith efforts, and because defendants have fully briefed their opposition to plaintiff's motion to compel, the Court will address the merits of the motion. The Court will limit its review to those requests raised in plaintiff's motion to compel, namely requests 13 and 15 of his first request for production and requests 1 and 2 of his second request for production. *See* Dkt. No. 23 at 8.

    **A.**    **Request 13 of the first request and request 2 of the second request**[2]

Plaintiff seeks production of DOCS Directive # 4943. Dkt. No. 25, Decl., Ex. A at ¶ 13; *id*., Ex. E at ¶ 2. Defendants object to disclosure "on the ground that it pertains to security matters. The release of such information to an inmate could impair the security of the facility and the safety of correctional staff and inmates." *Id*. Defendants indicate that Directive # 4943 is entitled "Hand Held Video Taping for Security Reasons" and is designated with a distribution code of "D" in the Department of Corrections Policy and Procedure Manual ("Manual"). *See* Dkt. No. 25, Memorandum of Law at 2-3. The Manual limits the distribution of documents bearing Code D as follows:

> Security Material. Directives containing information affecting

---

[2] As stated earlier, these requests are identical.

> the safety and security of correctional facilities shall be
> distributed to Central Office holders of the manual, facility
> Superintendents, and Deputy Superintendents. Each
> Superintendent shall have copies prepared and delivered to
> security personnel who, in the opinion of the Superintendent,
> must be familiar with the contents of the directive.
> **D directives shall be handled as confidential material and
> restricted from unauthorized access**.

Dkt. No. 25, Decl., Ex. F at 3 (emphasis added).

The Court sustains defendants' objection that the request for production of Directive # 4943 would appear to implicate concerns of prison security. Plaintiff has not shown good cause for the Court to override these security concerns. Therefore this aspect of plaintiff's motion is denied. *See Carter v. Keirnan*, No. 98CIV.2664, 1999 WL 1043865, *1 (S.D.N.Y. 1999) (inmate can be denied access to documents which would compromise prison security); *see also Bass v. Grottoli,* 1996 WL 455016 at * 4 (S.D.N.Y. 1996) (court has dual policy interest of protecting prisoners from other inmates as well as shielding from inmates information which may implicate prison security).

### B.     Request number 15 of the first request

Plaintiff asks for any and all copies of sick call request sheets from March 25, 2003 through July 30, 2003. Dkt. No. 25, Decl., Ex. A, ¶ 15. Originally, defendants' counsel was prepared to provide plaintiff with the requested documents upon receipt of plaintiff's medical authorization. *See* Dkt. No. 25, Decl. at ¶¶ 8-10. Upon requesting the sick call sheets from the relevant correctional facilities for the time period set forth by plaintiff, defendants' counsel was advised that the sick call request sheets were not available for production because the relevant correctional facilities stated that "they do not retain any sick call slips for that particular period of time." Dkt. No. 28. The Court cannot order a

4

party to produce documents which do not exist. Moreover, plaintiff has provided no evidence to refute the assertion that the sick call request sheets are not available. This aspect of plaintiff's motion to compel is denied.

### C. Request number 1 of the second request

Plaintiff seeks production of notices of discipline and use of force reports issued against each defendant. Dkt. No. 25, Decl, Ex. E, ¶ 1. Defendants object to the request, asserting that the request seeks personal information protected under New York law from disclosure, is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. *Id*. In their response opposing the motion to compel, defendants also argue that the request is over broad and unduly burdensome. Dkt. No. 25, Memorandum of Law at 4-6. Specifically, as to the notices of discipline, defendants state that those can be issued against a defendant for various reasons not related to the use of force, for example time and attendance problems. *Id*. at 5. Defendants also state that "the use of force reports are not cataloged by the name of the DOCS employees involved in the incidents and producing all such reports naming each defendant would literally require a manual review of each and every report at each facility where defendants have been employed." *Id*.

The Court recognizes that the request is not relevant to defendants Luciono or Whitmore since plaintiff has not alleged that these defendants personally participated in any alleged use of excessive force, nor is the information reasonably calculated to lead to the discovery of admissible evidence with respect to these defendants. The objection of relevancy is therefore sustained as to defendants Luciono and Whitmore. The objection

5

of relevancy is however overruled as to defendant Ambrose. Past complaints against a correctional officer regarding the use of excessive force could be used by a plaintiff to attack credibility of the correctional officer or to impeach the testimony of the correctional officer or to demonstrate that the supervisory defendants had notice of the correctional officer's alleged past actions. As stated in *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 U.S. Dist. LEXIS 19084 (S.D.N.Y. 2003) :

> [T]o the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to the Melendez's [sic] claims, and such documents are therefore discoverable. *See*, *e.g*, *Cox v. McCleelan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (permitting discovery of prior similar complaints against defendants); *Malsh v. New York City Police Dep't*, No. 92 Civ. 2973, 1995 U.S. Dist. LEXIS 4663, at *1-2 (S.D.N.Y. Apt. 11, 1995) (discovery of prior complaints and disciplinary actions against defendants was relevant to show "pattern, intent, absence of mistake, etc.") (quoting *Ismail v. Cohen*; 899 F.2d 183, 188 (2d Cir. 1990)); *Hurley v. Keenan*, No. 79 Civ. 4772, 1984 U.S. Dist. LEXIS 16888 (S.D.N.Y. May 8, 1984) (permitting discovery of prior similar administrative, civil, and criminal actions as relevant and potentially admissible to demonstrate defendants' intent and credibility and supervisory knowledge of misconduct).

For the purposes of discovery, the information sought by plaintiff in request number 1 is relevant to plaintiff's claims against defendant Ambrose.

Turning to the defendants' claims of over broadness and burdensomeness, these objections were not included in defendants' response to the second request for production, and are therefore, in all likelihood, waived. Even if the Court were to consider the objections properly raised, the objections would be overruled. With respect to defendants' claim that the demands are overly broad, the Court notes that the request for

6

the use of force reports is limited to the issue of use of excessive force -- a claim raised in the complaint -- and therefore is appropriately narrow. *See Melendez*, 2003 U.S. Dist. LEXIS 19084. While the notices of discipline might relate to events other than use of force, if the Court decides to order their production, production could be limited to notices of discipline concerning use of force, with all other notices of discipline withheld or, if necessary, redacted from the documents ordered produced. Thus, the Court does not find the request to be overly broad.

Defendants also assert that the demands are unduly burdensome and have set forth the nature of the burden -- *i.e.* a manual search of all notices of discipline and all use of force reports, possibly at more than one correctional facility. In determining whether production of discovery is burdensome to a defendant, "[t]he question ... is not whether such a production would be burdensome to defendant. Clearly, responding to *any* document is burdensome to one degree or another. The question, for these purposes, is whether responding to [the request] would be *unduly* burdensome." *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 72 (D.Conn. 2004) (italics in original). The Court does agree, that, when not limited in time, compliance with request number 1 may be unduly burdensome. When limited in time to a period of two years, the burden is considerably lighter. Therefore, since the documents requested are relevant to plaintiff's claims against defendant Ambrose, the Court directs the defendants to, within thirty days of the filing date of this order, produce use of force reports and notices of discipline concerning use of force for defendant Ambrose for the period from March 24, 2001 through March 25, 2003.[3] To

---

[3] This period is the two years preceding the alleged use of force by defendant Ambrose.

the extent that any notices of discipline against defendant Ambrose for this time period do not relate to use of force by defendant Ambrose, these documents need not be produced, or if the unrelated information is part of a larger document, references to discipline for other than use of force may be redacted.

Defendants also assert that the information requested may violate the privacy of the defendants. However, defendants have made no showing that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1998). Absent such a showing, and since "state laws of privilege do not govern discovery in federal cases" (*see Melendez*, 2003 U.S. Dist. LEXIS 19084, at *5), Defendants' argument is without merit.

## II.   Request for extension of time

Plaintiff asks that the pretrial deadlines be extended by 100 days. Dkt. No. 34. He asserts that he will be in a better position to conduct discovery when he is released from incarceration on July 14, 2005. *Id*. Plaintiff also states that once a decision is issued regarding the motion to compel addressed in this order, he will be better able to "formulate questions for interrogatories and admissions." *Id*. For good cause shown, the pretrial deadlines will be amended as set forth below.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 23) is **GRANTED** in part and **DENIED** in part. With respect to request number 1 of plaintiff's second request for production of documents, plaintiff's motion is **GRANTED** to the extent that plaintiff seeks notices of discipline and use of force reports for defendant Ambrose for the period of

March 24, 2001 through March 25, 2003 as more fully set forth and limited above. Plaintiff's motion to compel is denied in all other respects. Defendants must produce the required documents **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that the pre-trial deadlines are reset as follows: discovery deadline - September 2, 2005; motion to compel filing deadline - October 3, 2005; and dispositive motion filing deadline - December 2, 2005,[4] and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated: June 20, 2005

*David R. Homer*
United States Magistrate Judge

---

[4] The non-dispositive motion filing deadline has expired. Dkt. No. 12.