**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRIS MONTANEZ,
                Plaintiff,
    v.                                          No. 03-CV-1501
                                                      (FJS/DRH)
M. AMBROSE et al.,
                Defendants.

---

**APPEARANCES:**          **OF COUNSEL:**

CHRIS MONTANEZ
Plaintiff Pro Se
7907 Landmark Street
Tampa, Florida 33615

HON. ELIOT SPITZER        GERALD J. ROCK, ESQ.
Attorney General of the State        Assistant Attorney General
  of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

An order was filed in this case on September 7, 2005 which was sent to plaintiff pro se Chris Montanez ("Montanez") at the last address which he provided to the Court. Docket Nos. 42, 43. That address was the Upstate Correctional Facility from which it appears that Montanez was released prior to August 8, 2005. See Docket No. 39 (envelope sent to Montanez at Upstate returned to Court indicating that Montanez had been "discharged"). Although it does not appear from the record of this case that Montanez has ever notified the Court of his new address, counsel for defendants recently sent correspondence to Montanez at the above listed Florida address, see Docket No. 42, and the Clerk's Office

now lists that Florida address, not Upstate, as the address for Montanez.  The Court has received no correspondence from Montanez since June 10, 2005 while he was still incarcerated at Upstate.  See Docket No. 34 (letter requesting extension of deadlines). .

Defendants have attempted to depose Montanez, but he failed to appear for the deposition and defendants have now moved for sanctions or dismissal as a result of his nonappearance.  Docket No. 41.  The motion was served on Montanez at the above listed Florida address.  Id. at attach. 10 (certificate of service).  Montanez has not responded to the motion.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action.  See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . .").  In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions.  See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

Moreover, Montanez' failure to advise the Court of his new address also indicates that he has abandoned this action.  "Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5,

2

1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Consequently, Montanez' failures of over four months is grounds for dismissal. See Fenza, 177 F.R.D. at 127.

WHEREFORE, it is hereby

**RECOMMENDED** that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b); and

**IT IS ORDERED** that the Clerk shall serve a copy of this report-recommendation upon Montanez at the above listed Florida address by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE NOVEMBER 14, 2005** (this constitutes an extension of the normal ten day period) **WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 20, 2005
       Albany, New York

*David R. Homer*
United States Magistrate Judge